# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 24, 2008

Charles R. Fulbruge III
Clerk

No. 08-10680
Summary Calendar

DOCTOR BABUBHAI M. PATEL; SHARDA B. PATEL,

Plaintiffs–Appellants,

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:07-CV-182

Before KING, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Dr. Babubhai Patel and Sharda Patel appeal the district court's judgment affirming the final decision of the Commissioner of Social Security (Commissioner) and dismissing the Patels' complaint. We affirm.

I

Patel filed an application for retirement insurance benefits (RIB) on November 13, 1992 and began receiving payments. Subsequently, Patel filed a claim with the Social Security Administration (SSA) arguing that the SSA

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

miscalculated his payment amount by not crediting some years of his employment. Specifically, Patel claims that the Agency should have considered certain wages between 1964 through 1967 as covered employment under the Federal Insurance Contributions Act (FICA).

In February 1996, an administrative law judge (ALJ) denied Patel's request for recomputation, concluding that Patel's wages from 1964 through 1967 were not covered as FICA employment. Patel appealed to the United States District Court, which reversed and remanded the matter back to the SSA with instructions to either restore the wages that were excluded for this period or promptly conduct a hearing to reconsider this issue.

At the supplemental administrative hearing, the ALJ determined that Patel's earnings from 1964 through 1967 should be included in the computations and that the SSA should recompute his RIB. However, the ALJ's decision was not specific as to what figures to use for the computation. Accordingly, the SSA determined that Patel could be credited with earnings for 1966 and 1967, which were supported by his FICA payment record, but the SSA did not credit Patel for wages allegedly earned from 1964 through June 1966 due to insufficient evidence.

The SSA then computed Patel's monthly RIB payment and awarded him $55,044.40 for accrued back payments beginning from November 1992, the date he filed for RIB. However, the lump sum payment improperly included $52,646.30 in accrued RIB payments from 1993 through 1997 as, during this time, Patel continued to work and was barred from receiving RIB due to excess earnings.[1] The SSA actually owed Patel only $2,398.10, the accrued RIB from January 1998, the year Patel attained age seventy, through November 2002.

---

[1] See 20 C.F.R. § 404.434(a) (2008) ("If you have not yet reached your year of full retirement age, and if your estimated earnings for a year result in estimated excess earnings . . . we will charge these excess earnings to your full benefit each month . . . .").

Recognizing its mistake, the SSA wrote a letter to Patel explaining the error and requesting repayment.

In his "Request For Waiver Of Overpayment Recovery Or Change In Repayment Rate" (Request For Waiver), Patel remarked, "I have enough means to pay if Court/Commissioner say[s] at [the] end of trial [that] I am overpaid—I will—and am able to. I am not asking for charity." In response, the SSA issued a new repayment withholding schedule, informing Patel that he would receive no monthly RIB payment until March 2007, when the debt was paid in full.

Patel sought appeal through an administrative hearing, explaining that he believed that the SSA should credit him for his wages for 1958, 1959, 1964, 1965, 1966, and 1967. As to his overpayment, Patel stated that he understood that it was not an overpayment, but "[i]t was just the compensatory damages and whatever they gave me to settle the case. That's [inaudible] so far and I deny that I'm overpaid. If I was overpaid, I'm a law-abiding citizen, I'll give it back." After reviewing the testimony and evidence, the ALJ found that Patel had not satisfactorily established additional earnings for the years 1958, 1959, 1964, 1965, and 1966. The ALJ also determined that the SSA overpaid Patel in connection with benefits for the years 1993 through 1997, and that, while Patel was not at fault, recovery of the overpayment would not defeat the purpose of Title II or be against equity and good conscience.

The Appeals Council declined to consider Patel's case, thus making the ALJ's decision the final decision of the Commissioner.[2] We review the Commissioner's final decision to determine whether that decision is supported by substantial evidence.[3]

---

[2] 42 U.S.C. § 405(h).

[3] See 42 U.S.C. § 405(g); Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000).

II

After three years, three months, and fifteen days following any year in which the claimant receives earnings have passed, the SSA records are conclusive evidence of the wages paid to the claimant.[4] The SSA may correct the record of earnings only if satisfactory evidence shows that the records are incorrect.[5] The claimant has the burden of proof of establishing his earnings during the pertinent periods with convincing evidence.[6]

Patel claims that he had additional earnings, besides those recorded by the SSA in 1958, 1959, 1964, 1965, and 1966. However, Patel submitted very little documentary evidence with reference to these earnings. The evidence Patel did produce, which did not include any tax records, lacked foundational support or conflicted with his own testimony before the ALJ. For example, Patel produced a letter from Ms. Mary Beth Knake, the Director of Human Resources for Flower Hospital, stating that Patel received a salary of $325.00 per month from September 1964 to September 1965. But, as the ALJ noted, Ms. Knake does not state the source from which she acquired this information and the purported salary amount conflicts with Patel's own testimony that he earned approximately $200 per month. The ALJ conducted a similar analysis with Patel's other supporting documents and found them to be insufficient.

After reviewing the extensive record, we conclude that the ALJ's decision is supported by substantial evidence.

---

[4] See 20 C.F.R. § 404.803 (2008); Id. § 404.802.

[5] 20 C.F.R. § 404.822(a) (2008); see id. § 404.822(e)(5) (permitting correction after the defined time limit when "no part of those wages or less than the correct amount of those wages is entered on SSA records").

[6] 20 C.F.R. § 404.704 (2008).

III

Patel also argues that the SSA should not be allowed to recover the overpayment. The Social Security Act provides that whenever more than the correct amount in benefits has been paid to a recipient, the Secretary shall require the overpaid person to refund the excess amount.[7] The SSA waives recovery of an overpayment from any person who is without fault if such adjustment or recovery would defeat the purpose of Title II or would be against equity and good conscience.[8] The recovery of an overpayment would defeat the purpose of Title II if it deprived the claimant of income required for ordinary and necessary living expenses.[9] Recovery of an overpayment is against equity and good conscience if an individual changes his position for the worse or relinquishes a valuable right because of the overpayment.[10]

Patel refused to provide information about his current financial situation, his assets, income, and expenses. The record also shows that between 2002 and 2005, Patel earned between $126,000 and $166,000 annually. Further, Patel stated in his Request For Waiver that he had enough means to repay the overpayment and would be willing to do so if the court required it. Finally, Patel failed to allege, much less show, that he changed his position for the worse or relinquished a valuable right because of the overpayment.

Based on our review of the record, we conclude that the ALJ's decision, that the SSA's recovery of the overpayment would not defeat the purpose of Title II and would not be against equity and good conscience, is supported by substantial evidence.

---

[7] 42 U.S.C. § 404(a).

[8] Id. § 404(b).

[9] 20 C.F.R. § 404.508 (2008).

[10] Id. § 404.509(a).

IV

Patel's wife, Sharda Patel, was named as a co-plaintiff in Patel's original complaint. However, her derivative claim on appeal, that if Patel dies, her benefits will be reduced by virtue of the ALJ's decision, is foreclosed by our above analysis. Additionally, Sharda Patel's second claim, that the SSA required her to repay an alleged overpayment, has not been decided by the ALJ and thus is not properly before this court.

AFFIRMED.